IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILIP D. EVANS,

       Plaintiff,

   v.

HOUSING AUTHORITY OF THE CITY
OF BENICIA a.k.a. BENICIA
HOUSING AUTHORITY, JULIE
PETERSON and DOES 1-50,
inclusive,

       Defendants.

_____/

No. Civ. S-07-0391 RRB EFB

**Memorandum of Opinion
and Order**

    Plaintiff Philip D. Evans ("Evans") filed a state action against Benicia Housing Authority ("BHA") and Julie Peterson ("Peterson") alleging civil rights violations and state law claims arising out of his termination as a bookkeeper for BHA. BHA and Peterson (collectively "Defendants") removed the case on the basis of federal question jurisdiction.  Defendants now move for partial dismissal of the Third Amended Complaint ("TAC")

1

pursuant to Rule 12(b)(6).  For the reasons stated below, the court GRANTS the motion.[1]

## I. BACKGROUND

Defendant BHA was a public corporation created to provide low-cost housing to the city of Benicia and exercised its powers through a commission consisting of members appointed by the Mayor of Benicia.  TAC ¶ 5.  Defendant Peterson is a former manager and Executive Director of BHA.  Id. ¶ 6.  Plaintiff Evans is a former employee of BHA hired on or about October 21, 2002 as a bookkeeper.  Id. ¶ 10.

From October 21, 2002, to August 16, 2004, Evans' supervisor was Mike Flo, the Executive Director of BHA.  TAC ¶¶ 10, 12.  During that time, Evans observed that Peterson, then Assistant Director of BHA, was working reduced hours even though she was a full-time employee.  Id. ¶ 11.  On or about August 16, 2004, Peterson was promoted to Acting Executive Director of BHA and became Evans' immediate supervisor.  Id. ¶ 12.  After Peterson assumed her new position, Evans continued to observe

---

[1] Inasmuch as the Court concludes the parties have submitted memoranda thoroughly discussing the law and evidence in support of their positions, it further concludes oral argument is neither necessary nor warranted with regard to the instant matter.  See Mahon v. Credit Bureau of Placer County, Inc., 171 F.3d 1197, 1200 (9th Cir. 1999)(explaining that if the parties provided the district court with complete memoranda of the law and evidence in support of their positions, ordinarily oral argument would not be required).

her working reduced hours.  Id. ¶ 13.  Evans also observed that certain tenant rent accounts of relatives and/or acquaintances of BHA board members had outstanding balances.  Id.  Evans became concerned about this when he discovered that no late fees had been assessed to these accounts and that there appeared to be an inadequate/ineffective effort being made to collect on these accounts.  Id.  Evans expressed this concern to Peterson but never received any acknowledgment that it was being addressed.  Id.

In or about late autumn 2004, a grand jury investigation was commenced into the activities of BHA.  TAC ¶ 16.  Evans was called before the grand jury and testified about Peterson's reduced work hours and the tenant rent account irregularities. Id. ¶¶ 15-16.  Evans also communicated this information to BHA's president of the Board of Directors Phyllis McKeever[2] and to Special Agent Eric Huhtala[3] of the Inspector General's office for the United States Department of Housing and Urban Development ("HUD").  Id. ¶¶ 15, 17.

From late 2004 to early 2005, Evans alleges that he began receiving increased and unjustified criticism and/or harassment

---

[2] Evans communicated his concerns to Ms. Mckeever on or about November 12, 2004.

[3] Evans communicated his concerns to Special Agent Huhtala on or about early January 2005.

from Peterson, including formal "write-ups." TAC ¶ 19. Evans alleges that Peterson's conduct was motivated by her discovery that he had expressed his concerns about her reduced hours and the tenant rent account irregularities to the grand jury, BHA's president and HUD. Id.

On or about June 2, 2005, Peterson observed Evans attempting to remove BHA files from the workplace and directed him to leave the files in his office. TAC ¶ 24. On or about June 3, 2005, Evans received a memo from Peterson stating that he was being placed on administrative leave pending an investigation into the propriety of his actions regarding his attempt to remove BHA files from the workplace. Id. ¶ 25. On or about June 7, 2005, Evans received a Notice of Proposed Action ("Notice") advising him that Peterson intended to terminate his employment effective June 15, 2005, and that he would be placed on paid administrative leave until that time. Id. ¶ 26. On or about June 14, 2005, Evans responded in writing to the Notice explaining in detail his version of the events and challenging the action to be taken. Id. ¶ 27. On or about June 16, 2005, Evans received a letter from Peterson terminating his employment effective June 16, 2005. Id. ¶ 28. Among the reasons cited for Evans' termination was his attempt to remove

BHA files from the workplace and his attempt to recover compensation for unauthorized overtime. Id.[4]

Following his termination, Evans engaged in both informal and formal grievance procedures protesting his termination. TAC ¶¶ 29-31.[5] On July 27, 2005, following the denial of both his informal and formal grievances, Evans appealed his formal grievance. Id. ¶ 31. On August 12, 2005, Evans received written correspondence from BHA's legal counsel advising him that the appeal proceeding would be limited to whether he committed misconduct, not whether he was entitled to reinstatement. Id. ¶ 31. The correspondence further stated that the proceeding would be an opportunity for him to "clear his name." Id.[6]

---

[4] Evans was reprimanded for seeking overtime compensation for time spent working before 8:00 a.m. on April 1, 2005, to prepare for a meeting with an auditor. TAC ¶ 22. Evans was also reprimanded for seeking overtime compensation for time spent working past 5:00 p.m. on May 13, 2005, to meet a deadline on a report. Id. ¶ 23.

[5] On or about June 24, 2005, Evans initiated an informal grievance to protest the decision to terminate him. TAC ¶ 29. On July 7, 2005, Evans met with Peterson regarding his informal grievance. Id. On July 12, 2005, Evans received written correspondence advising him that the decision to terminate him remained unchanged. Id. On or about July 15, 2005, Evans initiated a formal grievance to protest his termination. Id. ¶ 30. On July 21, 2005, Evans' received written correspondence denying his formal grievance. Id.

[6] On or about July 1, 2005, Evans received a notice from the State of California Development Department stating that his claim for unemployment benefits was denied because he was

On December 28, 2006, Evans filed the instant action in Solano County Superior Court against Defendants alleging civil rights violations under 28 U.S.C. § 1983 and state law claims. Compl.  On February 26, 2007, Defendants removed the action on the basis of federal question jurisdiction.  Defendants now move for partial dismissal of the TAC pursuant to Rule 12(b)(6).

## II. DISCUSSION

Defendants argue that dismissal of Evans' first, second, third, fourth, eighth and ninth claims for relief is appropriate because Evans' employment was governed by statute, not contract. Additionally, Defendants argue that dismissal of Evans' fifth claim for relief is appropriate because the TAC does not allege sufficient facts to state a cognizable due process claim. Finally, Defendants argue that dismissal of Evans' seventh claim for relief is appropriate because public entities are not subject to lawsuits pursuant to the California False Claims Act, Cal. Gov't Code § 12653.  These arguments are discussed individually below.

---

terminated for misconduct.  TAC ¶ 32.  On or about July 8, 2005, Evans appealed this decision.  Id.  On January 19, 2006, an administrative law judge determined that Evans had not committed any misconduct and reversed the underlying denial of unemployment benefits.  **Id.**

## A. Rule 12(b)(6)

"A Rule 12(b)(6) motion tests the legal sufficiency of a claim. A claim may be dismissed only if 'it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" <u>Navarro v. Block</u>, 250 F.3d 729, 732 (9th Cir. 2001). Dismissal pursuant to Rule 12(b)(6) is appropriate where there is no cognizable legal theory or there is an absence of sufficient facts alleged to support a cognizable legal theory. <u>Id.</u> The issue is not whether a plaintiff is likely to succeed on the merits but rather whether the claimant is entitled to proceed beyond the threshold in attempting to establish his or her claims. <u>De La Cruz v. Tormey</u>, 582 F.2d 45, 48 (9th Cir. 1978).

In considering a Rule 12(b)(6) motion, the allegations in the complaint must be construed in the light most favorable to the plaintiff, <u>Parks School of Business, Inc. v. Symington</u>, 51 F.3d 1480, 1484 (9th Cir. 1995), and the court accepts all material allegations as true, as well as all reasonable inferences to be drawn from them. <u>Navarro</u>, 250 F.3d at 732; <u>Pareto v. FDIC.</u>, 139 F.3d 696, 699 (9th Cir. 1998). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. <u>Sprewell v. Golden State Warriors</u>, 266 F.3d 979, 988 (9th Cir. 2001). Nor do courts assume the truth

of legal conclusions merely because they are cast in the form of factual allegations, <u>Western Mining Council v. Watt</u>, 643 F.2d 618, 624 (9th Cir. 1981), or that a plaintiff can prove facts different from those it has alleged. <u>Associated Gen. Contractors of California, Inc. v. California State Council of Carpenters, Inc.</u>, 459 U.S. 519, 526 (1983).

"If a complaint is dismissed for failure to state a claim, leave to amend should be granted unless the court determines that the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency." <u>Schreiber Distributing Co. v. Serv-Well Furniture Co., Inc.</u>, 806 F.2d 1393, 1401 (9th Cir. 1986); <u>see</u> <u>Thinket Ink Information Resources, Inc. v. Sun Microsystems, Inc.</u>, 368 F.3d 1053, 1061 (9th Cir. 2004) (leave to amend should be granted unless amendment would be futile, i.e., the complaint can not be saved by amendment).

**B.   First Claim: Breach of Contract/Breach of the Implied Covenant of Good Faith and Fair Dealing**

Evans seeks to state a claim for breach of contract/breach of the implied covenant of good faith and fair dealing. However, because Evans was employed by BHA, a governmental entity, he cannot state a cognizable claim for breach of contract or breach of the implied covenant of good faith and fair dealing. "In California, the terms and conditions of

public employment are determined by law, not contract." Hill v. City of Long Beach, 33 Cal. App. 4th 1684, 1690 (1995). No person has a contractual right to enter into or to continue in public employment except in accordance with express terms and conditions fixed by law. Kim v. Regents of University of California, 80 Cal. App. 4th 160, 164 (2000). "It is well settled in California that public employment is not held by contract but by statute and that, insofar as the duration of such employment is concerned, no employee has a vested contractual right to continue in employment beyond the time or contrary to the terms and conditions fixed by law." Shoemaker v. Myers, 52 Cal. 3d 1, 23-24 (1990) (citing Miller v. State of California, 18 Cal. 3d 808, 813-14 (1973)); Hill, 33 Cal. App. 4th at 1690. A claim for breach of the implied covenant of good faith and fair dealing fails for the same reasons. Shoemaker, 52 Cal. 3d at 24; see Kim, 80 Cal. App. 4th at 164 ("Since the good faith covenant is an implied term of a contract, the existence of a contractual relationship is thus a prerequisite for any action for breach of the covenant."). Accordingly, because Evans was a public employee, he cannot state a cognizable claim for breach of contract or breach of the implied covenant of good faith and fair dealing. See Scott v. Solano County Health and Social Services Dept., 459 F. Supp. 2d 959, 967 (E.D. Cal. 2006) (In California, because public employment

is held by statute, not by contract, civil service employees cannot state a cause of action for breach of contract or breach of the implied covenant of good faith and fair dealing).

For this reason, Evans' breach of contract/breach of the implied covenant of good faith and fair dealing claim is dismissed.   Because amendment would be futile, this claim is dismissed with prejudice.

## C.   Second Claim: Promissory Estoppel

Defendants argue that dismissal of this claim is appropriate because it is premised upon the existence of a contractual relationship between BHA and Evans.

"In California, under the doctrine of promissory estoppel, [a] promise which the promisor should reasonably expect to induce action or forbearance on the part of the promisee or a third person and which does induce such action or forbearance is binding if injustice can be avoided only by enforcement of the promise.   The remedy granted for breach may be limited as justice requires.   Promissory estoppel is a doctrine which employs equitable principles to satisfy the requirement that consideration must be given in exchange for the promise sought to be enforced." Poway Royal Mobilehome Owners Ass'n v. City of Poway, 149 Cal. App. 4th 1460, 1470-71 (quotation marks omitted) (citing Kajima/Ray Wilson v. Los Angeles County Metropolitan Transportation Authority, 23 Cal. 4th 305, 310 (2000)).   "The

elements of promissory estoppel are: (1) a clear promise, (2) reliance, (3) substantial detriment, and (4) damages measured by the extent of the obligation assumed and not performed." <u>Poway Royal</u>, 149 Cal. App. 4th at 1471 (internal quotation marks omitted) (citing <u>Toscano v. Greene Music</u>, 124 Cal. App. 4th 685, 692 (2004)). In California, courts have been careful to apply the rules of estoppel against a public agency only in those special cases where the interests of justice clearly require it. <u>Poway Royal</u>, 149 Cal. App. 4th at 1471.

In the instant case, the TAC alleges that BHA made a clear promise to Evans that he was permitted to remove BHA files from the workplace, via the express or implied consent to such conduct by BHA's former Executive Director Mr. Flo, and that he relied upon this promise to his detriment when he was terminated, in part, for attempting to take these files home. Such pleading is insufficient to state a cognizable promissory estoppel claim. Because Evans' is a public employee, his employment is governed by statute, not contract, hence he cannot state a cognizable promissory estoppel claim as such a claim is aimed solely at allowing recovery in equity where a contractual claim fails for a lack of consideration. <u>See</u> <u>U.S. Ecology, Inc. v. State</u>, 129 Cal. App. 4th 887, 903-04 (2005) (observing that a promissory estoppel claim is akin to one for breach of contract, i.e., it is an "informal contract" claim).

For this reason, Evans' promissory estoppel claim is dismissed. Because amendment would be futile, this claim is dismissed with prejudice.

**D.   Third Claim: Breach of Express/Implied Contract**

Evans seeks to state a claim for breach of express/implied contract premised upon BHA's purported breach of an employment agreement between the parties permitting Evans to take BHA files home. However, because public employment in California is governed by statute, not contract, Evans' remedies as a public employee against BHA are limited to those provided by statute or ordinance, not by contract. See <u>Portman v. County of Santa Clara</u>, 995 F.2d 898, 905 (9th Cir. 1993) (emphasis in original) ("Under California law, the terms of *public* employment are governed entirely by statute, not by contract, and hence 'as a matter of law, there can be no express or implied-in-fact contract between . . . which restricts the manner or reasons for termination of his employment.' ").

For this reason, Evans' breach of express/implied contract claim is dismissed. Because amendment would be futile, this claim is dismissed with prejudice.

**E.   Fourth Claim: Breach of Contract – Express Agreement**

Evans seeks to state a claim for breach of contract premised upon BHA's purported breach of the personnel rules governing his employment.[7]  Specifically, Evans alleges that BHA breached the personnel rules by failing to provide him an opportunity to seek reinstatement and/or compensation for wrongful termination through an administrative proceeding. However, because BHA's personnel rules were created pursuant to statutory authorization, as BHA was established pursuant to, and was governed by, the provisions of the state Housing Authorities Law, California Health & Safety Code § 34200 et seq., Evans cannot state a cognizable breach of contract claim against BHA for breach of the personnel rules.  The personnel rules do not establish a contractual relationship between the parties.  See Portman, 995 F.2d at 905.

For this reason, Evans' breach of express contract claim (i.e., breach of the personnel rules) is dismissed.  Because amendment would be futile, this claim is dismissed with prejudice.

**F.   Fifth Claim: Procedural Due Process**

---

[7]  See Cal. Health & Safety Code § 34278 (stating that a housing authority shall adopt personnel rules and regulations applying to all employees and that such rules shall contain procedures affecting conflicts of interest, use of funds, personnel procedures on hiring and firing including removal of personnel for inefficiency, neglect of duties, or misconduct in office).

Evans seeks to state a procedural due process claim on the basis that California Health and Safety Code § 34278 creates a legitimate expectation that Evans employment was a property and liberty interest that could not be denied without due process of law. Defendants argue that dismissal of this claim is appropriate because Evans cannot establish that he had a property or liberty interest in his position since he was an at-will employee terminated for misconduct.

In order to state a cognizable procedural due process claim in a § 1983 action a plaintiff must establish: "(1) a liberty or property interest protected by the Constitution; (2) a deprivation of the interest by the government; and (3) lack of process." Portman, 995 F.2d at 904. A government employee has a constitutionally protected property interest in continued employment when the employee has a legitimate claim of entitlement to the job. Id. (citing Board of Regents v. Roth, 408 U.S. 564, 577 (1972)). Laws, rules or understandings derived from independent sources such as state law create such claims of entitlement. Portman, 995 F.2d at 904. However, a mere expectation that employment will continue does not create a property interest. Id. If under state law, employment is at-will, then the claimant has no property interest in the job. Id.; cf. Figueroa v. Housing Authority, 131 Cal.App.3d 528, 532 (1982) (an employee subject to discharge only for cause has a

14

property interest which is entitled to constitutional protection).

In the instant case, the TAC alleges that § 34278 created a protected liberty and property interest in continued employment and that BHA deprived Evans of this interest without due process by terminating him without providing an opportunity for reinstatement through the grievance process. Such allegations are insufficient to state a cognizable due process claim. Section 34278 mandates that BHA adopt personnel rules and regulations applying to all employees and that such rules must contain procedures on hiring and firing, including procedures for the removal of personnel for inefficiency, neglect of duties, or misconduct in office. See Cal. Health & Safety Code § 34278. Here, it is undisputed that BHA complied with § 34278 and adopted personnel policies,[8] which stated that BHA employees

---

[8] Normally, when ruling on a motion to dismiss a court must disregard the facts that are not alleged on the face of the Complaint or contained in documents attached to the Complaint. Knievel v. ESPN, 393 F.3d 1968, 1076 (9th Cir. 1995). However, an exception to this rule arises where the plaintiff's claim depends on a document, the defendant attaches this document to its motion to dismiss, and the parties do not dispute the authenticity of the document, even though the plaintiff does not explicitly allege the contents of that document in the Complaint. Id.; see also Parrino v. FHP, Inc., 146 F.3d 699, 705 (9th Cir. 1998) ("[a] district court ruling on a motion to dismiss may consider documents 'whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the [plaintiff's] pleading.' ") (superseded by statute on other grounds). Here, it is

were at-will employees that could be terminated with or without cause.   Def.'s Req. for Judicial Notice, Exh. B, §§ 3.2(C), 13.2, 14(G).[9]   Accordingly, because Evans was an at-will employee, he had no property interest in his job.   See Brady v. Gebbie, 859 F.2d 1543, 1548 (9th Cir. 1988) (when state employees serve at the will of their employer they have no reasonable expectation of continued employment, and thus no property right).

With respect to Evans' "liberty" interest deprivation, the court concludes that the TAC fails to allege sufficient facts to establish a liberty interest that would entitle Evans to procedural due process.   "The termination of a public employee which includes publication of stigmatizing charges triggers due process protections."   Mustafa v. Clark County School Dist., 157 F.3d 1169, 1179 (9th Cir. 1998) (citing Roth, 408 U.S. at 573); see also Brady, 859 F.2d at 1552 ("A liberty interest is

---

appropriate to consider BHA's personnel rules in ruling on the motion to dismiss because Evans procedural due process claim depends on this document, it was filed in support of BHA's motion to dismiss, it is referenced in the TAC but not attached thereto, and the parties do not dispute its authenticity.

[9] Section 13.2 of BHA's personnel rules states: "An employee may be terminated involuntarily for reasons that may include poor performance, misconduct, or other violations of BHA's rules of conduct, policies or procedures.   In such cases, the employee . . . shall have access to the grievance procedure (See Section 15 and Appendix 3).   Nothing in this policy shall effect BHA's right to terminate or demote any employee at-will, with or without cause . . . ."

implicated in the employment termination context if the charge impairs a reputation for honesty or morality."). To state a liberty interest due process claim, a plaintiff must show that "1) the accuracy of the charge is contested; 2) there is some public disclosure of the charge; and 3) the charge is made in connection with termination of employment." Brady, 859 F.2d at 1552; Mustafa, 157 F.3d at 1179. "'[W]hen the government dismisses an individual for reasons that might seriously damage his standing in the community, he is entitled to notice and a hearing to clear his name.' 'To implicate constitutional liberty interests, however, the reasons for dismissal must be sufficiently serious to 'stigmatize' or otherwise burden the individual so that he is not able to take advantage of other employment opportunities.' Moreover, to infringe upon a constitutionally protected liberty interest, the charges must be published." Portman, 995 F.2d at 907 (citations omitted); see Roley v. Pierce County Fire Protection Dist. No. 4, 869 F.2d 491, 495 (1989) (a protected liberty interest in employment arises when a government charge seriously damages one's standing and associations in the community such as when one's good name, reputation, or integrity is at stake or when the government stigmatizes a person, foreclosing his freedom to pursue other employment opportunities).

In order to prevail on a claim that a liberty interest has been denied without due process, a plaintiff must plead and prove both that the government's charges were published or publicly disseminated and that the charges were stigmatizing. Bishop v. Wood, 426 U.S. 341, 348 (1976) (a public employee who is terminable at the will of the employer is not deprived of a "liberty" interest when there is no public disclosure of the reasons for discharge). A government employee is entitled to a name-clearing hearing "'if the employer creates and disseminates a false and defamatory impression about the employee in connection with his termination.' " Brady, 859 F.2d at 1553; see Codd v. Velger, 429 U.S. 624 (1977) (remedy mandated by the Due Process Clause of the Fourteenth Amendment for claim based on stigmatization during discharge from employment is a name-clearing hearing).

In the instant case, the TAC does not allege that the charges against Evans were published or publicly disseminated. Nor does the TAC allege that BHA's charges seriously damaged Evans' standing and associations in the community placing his good name, reputation, or integrity at stake, or that BHA's charges stigmatized him, foreclosing his freedom to pursue other

employment.[10]   Moreover, even assuming that the charges against Evans were contested, published or publicly disseminated, and construed to place his good name, reputation, or integrity at stake, or to stigmatize him, foreclosing his freedom to pursue other employment, he cannot state a cognizable due process claim because it is undisputed that he was provided an opportunity to "clear his name," i.e., refute the stigmatizing charge.   Here, it is undisputed that, following his termination on or about June 16, 2005, Evans engaged in both informal and formal grievance procedures, including the opportunity to participate in an appeal proceeding addressing the denial of his formal grievance.   It is further undisputed that the purpose of the appeal proceeding was to provide Evans an opportunity to "clear his name" by addressing whether he had committed misconduct.

For these reasons, Evans' procedural due process claim is dismissed.   Because amendment would be futile, this claim is dismissed with prejudice.

---

[10]  Nor, as a general matter, does the TAC allege facts contesting the accuracy of the charges against Evans.   Rather, the TAC acknowledges that Evans did attempt to remove BHA files from the workplace as well as seek to recover for unauthorized overtime for work performed on May 13, 2005.   The only charge that Evans appears to contest is the accuracy of whether he sought unauthorized overtime for work performed on April 1, 2005.   In this regard, the TAC alleges that overtime on this date was implicitly authorized by Peterson because she observed him working before 8:00 a.m. and did nothing about it.

**G.     Seventh Claim: False Claims Act**

Evans seeks to state a claim under the False Claims Act ("FCA").   However, because public entities are not subject to lawsuits under the FCA, he cannot state a cognizable claim for relief under the FCA.   The FCA was enacted in 1987 and "is designed to supplement governmental efforts to identify and prosecute fraudulent claims made against state and local governmental entities by authorizing private parties (referred to as qui tams or relators) to bring suit on behalf of the government."   State ex rel. Bowen v. Bank of America Corp., 126 Cal. App. 4th 225, 236 (2005). The FCA defines covered "persons" to "include[ ] any natural person, corporation, firm, association, organization, partnership, limited liability company, business, or trust."   Cal. Gov. Code § 12650(b)(5). Agencies of state and local governments are not "persons" subject to suit under the FCA.   See Wells v. One2One Learning Foundation, 39 Cal. 4th 1164, 1190-91 (2006) (holding that public school districts were not "persons" subject to suit under FCA because the enumerated list of covered "persons" under the statute does not include any words associated with public entities).   Here, because the BHA is a statutorily authorized government entity, established pursuant to California Health &

Safety Code § 34240 et seq. and created as a state agency,[11] it is not a "person" subject to suit under the FCA. <u>See</u> <u>Wells</u>, 39 Cal. 4th at 1193 (governmental agencies may not be sued under California's false claims statute).

For this reason, Evans' FCA claim against BHA is dismissed. Because amendment would be futile, this claim is dismissed with prejudice.

**H.   Eighth Claim: Breach of Contract – Express Agreement**

Evans seeks to state a claim for breach of contract (employment contract) premised upon BHA's purported breach of an employment letter prohibiting BHA from terminating him for reasons other than misconduct without 14-days notice. However, as discussed above, because Evans is a public employee, the terms of his employment are governed entirely by statute, not by contract, and hence there can be no express contract between plaintiff that restricts the manner or reasons for termination of his employment. <u>See</u> <u>Portman</u>, 995 F.2d at 905.

For this reason, this claim is dismissed. Because amendment would be futile, this claim is dismissed with prejudice.

---

[11] <u>See</u> <u>People v. Holtzendorff</u>, 177 Cal. App. 2d 788, 798 (1960) (observing that a housing authority is a public corporation created as a state agency).

**I.     Ninth Claim: Breach of Contract – Grievance Procedure**

Evans seeks to state a claim for breach of contract (employment contract) premised upon BHA's purported failure to provide him effective or meaningful participation in the grievance procedure.  Again, because Evans is a public employee, the terms of his employment are governed entirely by statute, not by contract, and hence there can be no express contract between plaintiff and which restricts the manner or reasons for termination of his employment.  See Portman, 995 F.2d at 905.

For this reason, this claim is dismissed.  Because amendment would be futile, this claim is dismissed with prejudice.

### III. CONCLUSION

For the reasons stated above, the motion to dismiss is GRANTED.  Evans' first, second, third, fourth, fifth, seventh, eighth and ninth claims for relief are dismissed with prejudice.

**IT IS SO ORDERED.**

ENTERED this 10th day of December, 2007.

/RALPH R. BEISTLINE
United States District Judge