IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PHILIP EVANS,

        Plaintiff,

vs.

HOUSING AUTHORITY OF THE CITY OF BENICIA a.k.a. BENICIA HOUSING AUTHORITY, JULIE PETERSON, and DOES 1-50, inclusive,

        Defendants.

        No. CIV S-07-391 JAM EFB

<u>ORDER AND FINDINGS AND RECOMMENDATIONS</u>

        Pursuant to motion filed August 19, 2008, defendants move pursuant to Fed. R. Civ. P. 26 and 37 to strike plaintiff's expert witness, Joy Urquhart, on the ground that her report failed to meet the substantive requirements of Fed. R. Civ. P. 26(a)(2)(B). The parties filed a joint statement and respective declarations. The motion was heard on this court's law and motion calendar on September 10, 2008. Jesse Lad appeared for defendants; Christina Schreiber appeared for plaintiff. The court now issues the following order.

<u>BACKGROUND</u>

        Plaintiff Philip Evans, a former "at will" employee of Benicia Housing Authority ("BHA"), hired October 2002, claims he was wrongfully terminated by BHA's Executive

1

Director, Julie Peterson, in June 2005. On December 11, 2007, Judge Beistline dismissed eight of plaintiff's nine causes of action; his remaining cause of action alleges violation of his civil rights pursuant to 42 U.S.C. § 1983 (alleged retaliation in response to plaintiff's exercise of his First Amendment rights to freedom of speech and freedom of association). On September 8, 2008, Judge Mendez granted in part defendants' motion for summary judgment, resulting in the dismissal of defendant BHA; the only remaining defendant is Julie Peterson.

On July 28, 2008, the last date for disclosing experts, plaintiff so designated his experts. On July 31, 2008, defendants objected in pertinent part to the content of the report provided by plaintiff's designated expert Joy Urquhart, asserting that it was both incomplete and provisional. On August 1, 2008, plaintiff offered to provide a supplemental report and to extend the time within which defendant could designate an appropriate rebuttal expert. Plaintiff renewed the offer on August 10, 2008, suggesting the supplemental report be provided by September 2, 2008. However, in light of the September 15, 2008 extended deadline for expert discovery in this case (see Docket No. 66), defendant chose to file the instant motion on August 14, 2008. Plaintiff nonetheless provided Urquhart's supplemental report on September 2, 2008.

At the hearing, defendant did not challenge the content of Urquhart's supplemental report but asserted that the inadequacy of her initial report and resulting delay in obtaining her supplemental report unfairly prejudiced defendant by (1) according Urquhart the advantage of reviewing, and incorporating in her own report, defense expert reports and other discovery obtained after the July 28, 2008 expert disclosure deadline; and (2) shortening the period of time within which defendant could obtain a rebuttal expert.

////

////

////

////

////

2

DISCUSSION

The inadequacy of Urquhart's initial report is patent in light of the requirements of Fed. R. Civ. P. 26(a)(2)(B).[1] It neither provided "a complete statement of all opinions" Urquhart intended to express, nor the "basis and reasons" for these opinions. Rather, as described by plaintiff's counsel at hearing, the initial report merely "identified" eight topics and offered four "preliminary" opinions, thus necessitating supplementation. Moreover, the supplemental report (not submitted for this court's review) was apparently broader in scope than could reasonably have been anticipated from the initial report and Urquhart's curriculum vitae (that is, despite Urquhart's unique expertise– she is a Certified Public Accountant, Certified Fraud Expert, and an expert in "HUD accounting"– her opinions apparently focused more on performance and management issues).

The supplemental report has nonetheless been provided and the adequacy of its content is unchallenged. At issue is the prejudice to defendant resulting from its submission thirty-six days

---

[1] Fed. R. Civ. P. 26(a)(2)(B) (Disclosure of Expert Testimony) provides:

(B) Written Report. Unless otherwise stipulated or ordered by the court, this disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain:

(i) a complete statement of all opinions the witness will express and the basis and reasons for them;

(ii) the data or other information considered by the witness in forming them;

(iii) any exhibits that will be used to summarize or support them;

(iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;

(v) a list of all other cases in which, during the previous four years, the witness testified as an expert at trial or by deposition; and

(vi) a statement of the compensation to be paid for the study and testimony in the case.

late. *See* Fed. R. Civ. P. 26(a)(2)(C) (expert disclosures must be made "at the times and in the sequence that the court order"). Failure to comply with this rule authorizes the court to strike Urquhart as an expert witness or to impose other appropriate sanctions "unless the failure was substantially justified or is harmless." *See* Fed. R. Civ. P. 37(c)(1).[2] Plaintiff's only arguments in this regard are that the delay (1) was substantially justified because plaintiff was too busy responding to defendants' motion for summary judgment, and (2) was harmless because Urquhart's initial report sufficiently informed defendant of the contents of her supplemental report. Neither argument – both of which reflect problems with case management – are meritorious.

However, plaintiff has now substantially complied with the requirements of expert disclosure and the deadline for expert discovery has not yet expired. In balancing the pertinent factors underlying the court's consideration of appropriate sanctions,[3] the court finds that

---

[2] Fed. R. Civ. P. 37(c)(1) (Failure to Disclose or Supplement) provides:

(1)  If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:

(A)  may order payment of the reasonable expenses, including attorney's fees, caused by the failure;

(B)  may inform the jury of the party's failure; and

(C)  may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi).

[3]  "This circuit has previously considered the issue of expert preclusion as one possible remedy for failure to comply with Rule 26. In *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990), the Ninth Circuit set out the test to determine the propriety of imposing the sanction of dismissal or default as a remedy for Rule 26 violations. The test requires a court to analyze 1) the public's interest in expeditious resolution of litigation; 2) a court's need to manage its docket; 3) risk of prejudice to the defendants; 4) public policy favoring disposition of cases on their merits; and 5) the availability of less drastic sanctions. In *Wendt v. Host Intern., Inc.*, 125 F.3d 806, 814 (9th Cir.1997), this test was extended to apply to a situation where exclusion of testimony had been imposed as a sanction for a violation of Rule 26." *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont.1998).

striking the testimony of plaintiff's expert Joy Urquhart would be unnecessarily draconian, particularly in barring Ms. Urquhart's testimony from trial. Rather, the court finds that this matter does not impact the timely resolution of this or the court's need to manage its docket, and that the public policy favoring disposition of cases on their merits and availability of less drastic sanctions outweigh the prejudice to defendant. Accordingly, the court concludes that the most appropriate sanction for mitigating any prejudice to defendant is to provide for the expedited deposition of Ms. Urquhart prior to defendant disclosing its rebuttal expert.

CONCLUSION

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to strike plaintiff's expert witness, Joy Urquhart, is denied; however,

2. Plaintiff shall ensure the immediate and continuing availability of Ms. Urquhart for deposition at a time and place convenient to defense counsel;

3. If approved by the District Judge (see recommendation below), defendant shall have until October 1, 2008, to designate his rebuttal expert(s); deposition of any such expert(s) shall be completed by October 6, 2008; and

4. This order is made without prejudice to defendant renewing this motion to strike before the district judge.

Further, it is hereby RECOMMENDED that the deadline for completion of expert discovery be extended for the limited purpose of accommodating the above dates and complying with this order.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within five (5) days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections

5

within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 10, 2008.

/s/ Edmund F. Brennan
EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE